# EXHIBIT
# #19

Page 1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
CASE NO. 07-15195(MS)
CHAPTER 11

In re BAYONNE MEDICAL CENTER,        :

                Debtor,              :

BAYONNE MEDICAL CENTER,              :
Debtor and
Debtor-in-Possesssion; and          :
ALLEN D. WILEN, in his                        DEPOSITION OF:
capacity as Liquidating              :
Trustee and Estate                   CAROLINE EVANS
Representative for the Estate        :
of Debtor, Bayonne Medical              VOLUME I
Center,                              :   (Pages 1-229)

                Plaintiff,           :

                -vs-                 :

BAYONNE/OMNI DEVELOPMENT,            :
L.L.C., a New Jersey limited
liability company; et al.,           :

                Defendants.          :
--------------------------------

B E F O R E:

        SHARON B. STOPPIELLO, a Certified Court

Reporter and Notary Public of the State of New

Jersey, at the offices of CONNELL FOLEY, L.L.P., 85

Livingston Avenue, Roseland, New Jersey, on

THURSDAY, MAY 6, 2010, commencing at 10:09 a.m.,

pursuant to Notice.

                DepoLink
    Court Reporting & Litigation Support Services
        Phone (973) 353-9880   Fax (973) 353-9445
                www.depolinklegal.com

1    payment schedule would be?

2         A.    I don't remember that.

3         Q.    What happened next, then, in your

4    pursuit of a pledge from Avery after that?  I assume

5    you told us everything you remember about that

6    meeting?

7         A.    I do.

8         Q.    What happened next in your pursuit of

9    a pledge?

10        A.    I'm not exactly sure when I got the

11   pledge form, but when I got it, I gave it to Marvin.

12        Q.    By the "pledge form," what do you

13   mean?

14        A.    There was a form, a document that the

15   foundation had that everybody who made a pledge

16   would sign.  Actually, I got that from Marvin, I got

17   the form from Marvin, not from Vinny.

18        Q.    And you got that form from Marvin

19   after this first meeting that you had with Avery

20   discussing the pledge?

21        A.    Actually, when they came to me to ask

22   me to ask him for the pledge they gave me the pledge

23   form.

24        Q.    At the time of the first conversation

25   with Avery, did you discuss whether the pledge would

Page 95

1   be binding or not?

2                    MR. FALANGA:  Object to the form.

3          A.     I don't remember the answer to that.

4   But I know there were subsequent conversations that

5   related to that subject.

6          Q.     And in the subsequent conversations,

7   did you tell Avery that the pledge would not be

8   binding?

9                    MR. FALANGA:  Object to the form.

10         Q.     You can answer the question.

11         A.     I did.

12         Q.     On more than one occasion?

13         A.     Yes.

14         Q.     So now you have the pledge form from

15  Marvin, and what did you do with it?

16         A.     I think I gave it to Avery to sign.

17         Q.     Were you with him when it was signed?

18         A.     I don't think so.

19         Q.     Did you fill it out?

20         A.     You didn't have to, it was already,

21  like, completed.

22         Q.     Who had completed it?

23         A.     I can't assume it was Marvin, but I

24  got the form from Marvin.

25         Q.     Do you know where Marvin got the

# EXHIBIT
# #20

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
CASE NO. 07-15195(MS)
CHAPTER 11

In re BAYONNE MEDICAL CENTER,   :

             Debtor,   :

BAYONNE MEDICAL CENTER,   :
Debtor and
Debtor-in-Posssesssion; and   :
ALLEN D. WILEN, in his          DEPOSITION OF:
capacity as Liquidating   :
Trustee and Estate          CAROLINE EVANS
Representative for the Estate   :
of Debtor, Bayonne Medical    VOLUME I
Center,   :    (Pages 1-229)

          Plaintiff,   :

        -vs-   :

BAYONNE/OMNI DEVELOPMENT,   :
L.L.C., a New Jersey limited
liability company; et al.,   :

         Defendants.   :
---------------------------------

B E F O R E :

    SHARON B. STOPPIELLO, a Certified Court

Reporter and Notary Public of the State of New

Jersey, at the offices of CONNELL FOLEY, L.L.P., 85

Livingston Avenue, Roseland, New Jersey, on

THURSDAY, MAY 6, 2010, commencing at 10:09 a.m.,

pursuant to Notice.

DepoLink
Court Reporting & Litigation Support Services
Phone (973) 353-9880    Fax (973) 353-9445
www.depolinklegal.com

Page 109

1    pledge would not be binding?

2                    MR. FALANGA:  Object to the form.

3         A.     It was part of the conversation.  You

4    were supposed to say it to them if they broached the

5    subject.  It was like, What if my company goes down?

6    Are you going to come after me for this or am I

7    going to be liable for this?  Are you going to make

8    me pay this anyway?  And then you had to kind of go

9    through the conversation about how a charitable

10   pledge is not binding.

11        Q.     That's the spiel you went through

12   with Avery?

13        A.     It was the spiel I went through

14   everybody who I asked for money if they asked me.

15        Q.     I asked you earlier whether others,

16   so as you know, at BMC knew that you were making

17   that spiel to Avery?

18        A.     Absolutely.

19                    MR. FALANGA:  Object to the form.

20        Q.     And who were the others, so far as

21   you know, who were aware of the fact that you were

22   making that pitch to Avery?

23                    MR. FALANGA:  Objection to form.

24                    MR. SAMSON:  To the extent she knows,

25   obviously.

DEPOLINK COURT REPORTING & LITIGATION SERVICES (973) 353-9880

# EXHIBIT
# #21

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
CASE NO. 07-15195(MS)
CHAPTER 11

In re BAYONNE MEDICAL CENTER,      :

        Debtor,                    :

BAYONNE MEDICAL CENTER,            :
Debtor and
Debtor-in-Possesssion; and         :
ALLEN D. WILEN, in his                      DEPOSITION OF:
capacity as Liquidating             :
Trustee and Estate                          CAROLINE EVANS
Representative for the Estate       :
of Debtor, Bayonne Medical                   VOLUME I
Center,                            :      (Pages 1-229)

        Plaintiff,                 :

      -vs-                         :

BAYONNE/OMNI DEVELOPMENT,          :
L.L.C., a New Jersey limited
liability company; et al.,         :

        Defendants.                :
------------------------------------

B E F O R E :

    SHARON B. STOPPIELLO, a Certified Court

Reporter and Notary Public of the State of New

Jersey, at the offices of CONNELL FOLEY, L.L.P., 85

Livingston Avenue, Roseland, New Jersey, on

THURSDAY, MAY 6, 2010, commencing at 10:09 a.m.,

pursuant to Notice.

DepoLink
Court Reporting & Litigation Support Services
Phone (973) 353-9880    Fax (973) 353-9445
www.depolinklegal.com

1    pledge would not be binding?

2                    MR. FALANGA:  Object to the form.

3         A.      It was part of the conversation.  You

4    were supposed to say it to them if they broached the

5    subject.  It was like, What if my company goes down?

6    Are you going to come after me for this or am I

7    going to be liable for this?  Are you going to make

8    me pay this anyway?  And then you had to kind of go

9    through the conversation about how a charitable

10   pledge is not binding.

11        Q.      That's the spiel you went through

12   with Avery?

13        A.      It was the spiel I went through

14   everybody who I asked for money if they asked me.

15        Q.      I asked you earlier whether others,

16   so as you know, at BMC knew that you were making

17   that spiel to Avery?

18        A.      Absolutely.

19                    MR. FALANGA:  Object to the form.

20        Q.      And who were the others, so far as

21   you know, who were aware of the fact that you were

22   making that pitch to Avery?

23                    MR. FALANGA:  Objection to form.

24                    MR. SAMSON:  To the extent she knows,

25   obviously.

DEPOLINK COURT REPORTING & LITIGATION SERVICES (973) 353-9880

# EXHIBIT
# #22

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
CASE NO. 07-15195(MS)
CHAPTER 11

In re BAYONNE MEDICAL CENTER,   :

         Debtor,   :

BAYONNE MEDICAL CENTER,   :
Debtor and
Debtor-in-Possesssion; and   :
ALLEN D. WILEN, in his            DEPOSITION OF:
capacity as Liquidating   :
Trustee and Estate               CAROLINE EVANS
Representative for the Estate   :
of Debtor, Bayonne Medical          VOLUME I
Center,   :                     (Pages 1-229)

        Plaintiff,   :

        -vs-   :

BAYONNE/OMNI DEVELOPMENT,   :
L.L.C., a New Jersey limited
liability company; et al.,   :

        Defendants.   :
------------------------------------

B E F O R E:

    SHARON B. STOPPIELLO, a Certified Court

Reporter and Notary Public of the State of New

Jersey, at the offices of CONNELL FOLEY, L.L.P., 85

Livingston Avenue, Roseland, New Jersey, on

THURSDAY, MAY 6, 2010, commencing at 10:09 a.m.,

pursuant to Notice.

DepoLink
Court Reporting & Litigation Support Services
Phone (973) 353-9880    Fax (973) 353-9445
www.depolinklegal.com

1    pledge would not be binding?

2                MR. FALANGA:  Object to the form.

3        A.      It was part of the conversation.  You

4    were supposed to say it to them if they broached the

5    subject.  It was like, What if my company goes down?

6    Are you going to come after me for this or am I

7    going to be liable for this?  Are you going to make

8    me pay this anyway?  And then you had to kind of go

9    through the conversation about how a charitable

10   pledge is not binding.

11       Q.      That's the spiel you went through

12   with Avery?

13       A.      It was the spiel I went through

14   everybody who I asked for money if they asked me.

15       Q.      I asked you earlier whether others,

16   so as you know, at BMC knew that you were making

17   that spiel to Avery?

18       A.      Absolutely.

19                MR. FALANGA:  Object to the form.

20       Q.      And who were the others, so far as

21   you know, who were aware of the fact that you were

22   making that pitch to Avery?

23                MR. FALANGA:  Objection to form.

24                MR. SAMSON:  To the extent she knows,

25   obviously.

1            MR. GRUEN:  Of course.

2        A.     I can only tell you the people I'm

3    sure knew.  Marvin knew, Heather knew that we would

4    say "nonbinding," or we would say, "We're not going

5    to go after you for this," or, "We're not going to

6    hold you liable for this."  Because those three

7    people were at fundraising lunches where I was doing

8    the spiel, so they heard me.  Rob knew that --

9        Q.     Rob Evans?

10       A.     Rob Evans, yes, that I was saying

11   that to everybody that I asked for money.  Because I

12   told him you're going to frighten people.

13       Q.     Any others that you know of who were

14   aware of that?

15       A.     Who were doing it?

16       Q.     No, who were aware that that was part

17   of your pitch to Avery?

18       A.     Who were aware that it was

19   specifically part of my pitch to Avery?

20       Q.     Yes.

21       A.     No, I can't say that.

22       Q.     Who were the others, I interrupted

23   you, who were making similar pitches to other

24   prospective pledgors?

25       A.     Stephanie, Heather, Marvin, John

# EXHIBIT
# #23

Page 1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
CASE NO. 07-15195(MS)
CHAPTER 11

In re BAYONNE MEDICAL CENTER,      :

                Debtor,            :


BAYONNE MEDICAL CENTER,            :
Debtor and
Debtor-in-Possesssion; and        :
ALLEN D. WILEN, in his                   DEPOSITION OF:
capacity as Liquidating           :
Trustee and Estate                       CAROLINE EVANS
Representative for the Estate     :
of Debtor, Bayonne Medical               VOLUME I
Center,                           :      (Pages 1-229)

                Plaintiff,        :


                -vs-              :


BAYONNE/OMNI DEVELOPMENT,          :
L.L.C., a New Jersey limited
liability company; et al.,        :

                Defendants.        :
- - - - - - - - - - - - - - - - - - - -

B E F O R E:

        SHARON B. STOPPIELLO, a Certified Court

Reporter and Notary Public of the State of New

Jersey, at the offices of CONNELL FOLEY, L.L.P., 85

Livingston Avenue, Roseland, New Jersey, on

THURSDAY, MAY 6, 2010, commencing at 10:09 a.m.,

pursuant to Notice.


                DepoLink
Court Reporting & Litigation Support Services
        Phone (973) 353-9880    Fax (973) 353-9445
                www.depolinklegal.com

1              MR. GRUEN:  Of course.

2         A.    I can only tell you the people I'm

3    sure knew.  Marvin knew, Heather knew that we would

4    say "nonbinding," or we would say, "We're not going

5    to go after you for this," or, "We're not going to

6    hold you liable for this."  Because those three

7    people were at fundraising lunches where I was doing

8    the spiel, so they heard me.  Rob knew that --

9         Q.    Rob Evans?

10        A.    Rob Evans, yes, that I was saying

11   that to everybody that I asked for money.  Because I

12   told him you're going to frighten people.

13        Q.    Any others that you know of who were

14   aware of that?

15        A.    Who were doing it?

16        Q.    No, who were aware that that was part

17   of your pitch to Avery?

18        A.    Who were aware that it was

19   specifically part of my pitch to Avery?

20        Q.    Yes.

21        A.    No, I can't say that.

22        Q.    Who were the others, I interrupted

23   you, who were making similar pitches to other

24   prospective pledgors?

25        A.    Stephanie, Heather, Marvin, John

1    Hausmann, me, Vinny Lombardo, it was the enterprise.

2    It was not my particular spiel, if you will.  Sorry

3    about the whole "spiel" thing.

4          Q.     At some point in time did Avery ask

5    for written confirmation --

6          A.     Yes.

7          Q.     -- that the pledge would not be

8    binding?

9          A.     Yes, he did.

10         Q.     And what was your response to him

11   when he made that request?

12         A.     I said I would have to talk, I knew I

13   would have to talk to somebody.  And so I did, I

14   talked to Marvin and I talked to Rob.  I said,

15   "Avery wants something that says that you're not

16   going to go after him, that you're not going to make

17   him liable, like a comfort letter."

18         Q.     And what, if anything, did Rob or

19   Marvin say?

20         A.     I think Rob said "Okay."

21         Q.     Do you know whether similar comfort

22   letters were given or had been given in the past to

23   pledgors or prospective pledgors?

24         A.     When they were asked for.

25         Q.     You say when they asked for them?

# EXHIBIT
# #24

Page 1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
CASE NO. 07-15195(MS)
CHAPTER 11

In re BAYONNE MEDICAL CENTER,    :

              Debtor,    :

BAYONNE MEDICAL CENTER,    :
Debtor and
Debtor-in-Possesssion; and    :
ALLEN D. WILEN, in his                    DEPOSITION OF:
capacity as Liquidating    :
Trustee and Estate                        CAROLINE EVANS
Representative for the Estate    :
of Debtor, Bayonne Medical                VOLUME I
Center,    :                              (Pages 1-229)

           Plaintiff,    :

        -vs-    :

BAYONNE/OMNI DEVELOPMENT,    :
L.L.C., a New Jersey limited
liability company; et al.,    :

          Defendants.    :
----------------------------------

B E F O R E :

      SHARON B. STOPPIELLO, a Certified Court

Reporter and Notary Public of the State of New

Jersey, at the offices of CONNELL FOLEY, L.L.P., 85

Livingston Avenue, Roseland, New Jersey, on

THURSDAY, MAY 6, 2010, commencing at 10:09 a.m.,

pursuant to Notice.

DepoLink
Court Reporting & Litigation Support Services
Phone (973) 353-9880    Fax (973) 353-9445
www.depolinklegal.com

1    physical document.

2          Q.     By "this physical document," you mean

3    what?

4          A.     I mean with an "X" on it.

5          Q.     After you and Avery parted company

6    the day that you presented him with the pledge form

7    dated October 14, '05 that we looked at a moment

8    ago, what happened next in connection with your

9    pursuit of the pledge?

10          A.     You know what?  I don't exactly

11    remember what happened, but I do remember that there

12    was some discrepancy with the form, with the

13    signature on the form, or the form itself.  I

14    actually don't exactly remember.

15          Q.     I'm sorry, go ahead.

16          A.     But what happened is he had to sign

17    another form.

18          Q.     And what was the discrepancy that

19    meant that he had to sign a different form?

20          A.     Heather told me the name on the form

21    was wrong.

22          Q.     So there was something wrong with the

23    name Bayonne Healthcare Development, L.L.C.?

24          A.     Uh-huh.

25          Q.     What, if anything, if you remember,

1    did she tell you was wrong with the name?

2            A.      It had to be his company, or

3    something like that.

4            Q.      Did she tell you how she learned that

5    the name was wrong?

6            A.      She told me that it was given back to

7    her doing the audit review, or something like that.

8    Before an auditor comes in, you review all the

9    documents you're going to present.  I guess maybe

10   that's when.  I'm not really quite sure.

11           Q.      Let's back up a couple of spaces.

12           A.      Okay.

13           Q.      Did there come a time when you saw

14   the signed version of the October 14th pledge?

15   Because I think you told us that you don't recall

16   that Avery signed it in your presence.

17           A.      Right.

18           Q.      So did there come a time that you saw

19   that document, the October 14th pledge by Bayonne

20   Healthcare Development, L.L.C. signed?

21           A.      I remember specifically Marv Apsel

22   being in the hallway of the Bayonne Medical Center

23   with that document in his hand, and Rob was in the

24   hallway, Marv was in the hallway, I don't remember

25   who else, but I think Vinny was there, and they were

1   saying that Avery -- that they've got a $5,000,000

2   pledge today, and this was the document that he had

3   in his hand (indicating).

4          Q.      The one that we looked at earlier?

5          A.      Yes.

6          Q.      And then sometime after that, is that

7   right, you learned from Heather that there was

8   something wrong with the name?

9                  MR. FALANGA:   Object to the form.

10         A.      Right.

11         Q.      Did she tell you what was wrong with

12   the name?

13         A.      It wasn't his company, or something

14   like that.

15         Q.      Okay.  So then --

16         A.      She said I had to go get him to sign

17   a new one.

18         Q.      I was going to say, what, if

19   anything, did you do based upon that.  And she told

20   you that you had to get him to sign another one.

21   Did she tell you what the name of the company should

22   be on the next one?

23         A.      It had to say Omni, that was his

24   company.

25         Q.      Did she say anything else?

# EXHIBIT
# #25

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
CASE NO. 07-15195(MS)
CHAPTER 11

In re BAYONNE MEDICAL CENTER,       :

          Debtor,            :

BAYONNE MEDICAL CENTER,             :
Debtor and
Debtor-in-Possesssion; and          :
ALLEN D. WILEN, in his                        DEPOSITION OF:
capacity as Liquidating              :
Trustee and Estate                            CAROLINE EVANS
Representative for the Estate       :
of Debtor, Bayonne Medical                    VOLUME I
Center,                             :        (Pages 1-229)

        Plaintiff,               :

        -vs-                     :

BAYONNE/OMNI DEVELOPMENT,           :
L.L.C., a New Jersey limited
liability company; et al.,          :

        Defendants.              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -

B E F O R E :

    SHARON B. STOPPIELLO, a Certified Court

Reporter and Notary Public of the State of New

Jersey, at the offices of CONNELL FOLEY, L.L.P., 85

Livingston Avenue, Roseland, New Jersey, on

THURSDAY, MAY 6, 2010, commencing at 10:09 a.m.,

pursuant to Notice.

DepoLink
Court Reporting & Litigation Support Services
Phone (973) 353-9880    Fax (973) 353-9445
www.depolinklegal.com

1    Hausmann, me, Vinny Lombardo, it was the enterprise.

2    It was not my particular spiel, if you will.  Sorry

3    about the whole "spiel" thing.

4         Q.    At some point in time did Avery ask

5    for written confirmation --

6         A.    Yes.

7         Q.    -- that the pledge would not be

8    binding?

9         A.    Yes, he did.

10        Q.    And what was your response to him

11   when he made that request?

12        A.    I said I would have to talk, I knew I

13   would have to talk to somebody.  And so I did, I

14   talked to Marvin and I talked to Rob.  I said,

15   "Avery wants something that says that you're not

16   going to go after him, that you're not going to make

17   him liable, like a comfort letter."

18        Q.    And what, if anything, did Rob or

19   Marvin say?

20        A.    I think Rob said "Okay."

21        Q.    Do you know whether similar comfort

22   letters were given or had been given in the past to

23   pledgors or prospective pledgors?

24        A.    When they were asked for.

25        Q.    You say when they asked for them?

# EXHIBIT
# #26

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
CASE NO. 07-15195(MS)
CHAPTER 11

In re BAYONNE MEDICAL CENTER,          :

                    Debtor,            :

BAYONNE MEDICAL CENTER,                :
Debtor and
Debtor-in-Possesssion; and            :
ALLEN D. WILEN, in his                      DEPOSITION OF:
capacity as Liquidating                :
Trustee and Estate                          CAROLINE EVANS
Representative for the Estate          :
of Debtor, Bayonne Medical                      VOLUME I
Center,                                :    (Pages 1-229)

                    Plaintiff,         :

                    -vs-               :

BAYONNE/OMNI DEVELOPMENT,              :
L.L.C., a New Jersey limited
liability company; et al.,             :

                    Defendants.        :
------------------------------------

B E F O R E :

        SHARON B. STOPPIELLO, a Certified Court

Reporter and Notary Public of the State of New

Jersey, at the offices of CONNELL FOLEY, L.L.P., 85

Livingston Avenue, Roseland, New Jersey, on

THURSDAY, MAY 6, 2010, commencing at 10:09 a.m.,

pursuant to Notice.


                    DepoLink
        Court Reporting & Litigation Support Services
        Phone (973) 353-9880    Fax (973) 353-9445
                www.depolinklegal.com

1    Hausmann, me, Vinny Lombardo, it was the enterprise.

2    It was not my particular spiel, if you will.   Sorry

3    about the whole "spiel" thing.

4         Q.    At some point in time did Avery ask

5    for written confirmation --

6         A.    Yes.

7         Q.    -- that the pledge would not be

8    binding?

9         A.    Yes, he did.

10        Q.    And what was your response to him

11   when he made that request?

12        A.    I said I would have to talk, I knew I

13   would have to talk to somebody.  And so I did, I

14   talked to Marvin and I talked to Rob.  I said,

15   "Avery wants something that says that you're not

16   going to go after him, that you're not going to make

17   him liable, like a comfort letter."

18        Q.    And what, if anything, did Rob or

19   Marvin say?

20        A.    I think Rob said "Okay."

21        Q.    Do you know whether similar comfort

22   letters were given or had been given in the past to

23   pledgors or prospective pledgors?

24        A.    When they were asked for.

25        Q.    You say when they asked for them?

Page 112

```
 1         A.      Sure, if they asked for it.

 2         Q.      Was there like a form of comfort

 3   letter that you had on file?

 4         A.      No, there was no form.  I would say

 5   no.

 6         Q.      Who drafted the comfort letter in

 7   this case, do you know?

 8         A.      I don't know the answer to that.

 9         Q.      Was counsel involved, do you know?

10         A.      I do not know the answer to that.

11         Q.      I think we're actually going to go to

12   the next volume in my remaining three minutes.

13   We're going to the second volume, Number 21,

14   formerly marked as D-19.

15         A.      Okay.

16         Q.      Is this the comfort letter that

17   you're referring to?

18         A.      Yes.

19                 MR. FALANGA:  Object to the form.

20         Q.      And that was signed by Robert Evans?

21         A.      Yes.

22         Q.      And was this presented to Omni Asset

23   Management?

24         A.      Yes, it was given to Avery.

25         Q.      By whom?
```

# EXHIBIT
# #27

Page 1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
CASE NO. 07-15195(MS)
CHAPTER 11

In re BAYONNE MEDICAL CENTER,          :

                Debtor,                :

BAYONNE MEDICAL CENTER,                :
Debtor and
Debtor-in-Possesssion; and             :
ALLEN D. WILEN, in his                 DEPOSITION OF:
capacity as Liquidating
Trustee and Estate                     CAROLINE EVANS
Representative for the Estate   :
of Debtor, Bayonne Medical             VOLUME I
Center,                         :      (Pages 1-229)

                Plaintiff,      :

                -vs-            :

BAYONNE/OMNI DEVELOPMENT,       :
L.L.C., a New Jersey limited
liability company; et al.,      :

                Defendants.     :
------------------------------------

B E F O R E:

        SHARON B. STOPPIELLO, a Certified Court

Reporter and Notary Public of the State of New

Jersey, at the offices of CONNELL FOLEY, L.L.P., 85

Livingston Avenue, Roseland, New Jersey, on

THURSDAY, MAY 6, 2010, commencing at 10:09 a.m.,

pursuant to Notice.

                DepoLink
Court Reporting & Litigation Support Services
    Phone (973) 353-9880    Fax (973) 353-9445
            www.depolinklegal.com

Page 113

1         A.      It might have been me, but I'm not

2    sure.  I don't know if we mailed it or if I gave it

3    to him.

4         Q.      Did you have any discussion with him

5    about it when you gave it to him, whether it was

6    face to face or over the phone?

7         A.      He asked for it, so I provided it.

8         Q.      Do you remember any further

9    discussion about it?

10        A.      I don't remember any further

11   discussion about it.  Anything specific as to Here's

12   your letter, I mean, I don't know.

13        Q.      I asked you earlier if others knew

14   that you were making the spiel or the pitch to

15   Avery.  Were others at BMC aware of the fact that

16   this letter was given to Avery?

17        A.      Yes.

18        Q.      Can you tell me who?

19        A.      I'm sure Marvin knew.

20        Q.      How do you know?

21        A.      Because I had a conversation with him

22   about it.  He was there when I said that this guy is

23   going to pledge all this the money, he's nervous.

24   What if he had a reversal of fortune, is basically

25   what he's saying, what happens?  Marvin goes, "I

DEPOLINK COURT REPORTING & LITIGATION SERVICES (973) 353-9880

# EXHIBIT
# #28

Page 230

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
CASE NO. 07-15195(MS)
CHAPTER 11

In re BAYONNE MEDICAL CENTER,        :

              Debtor,                :

BAYONNE MEDICAL CENTER,              :
Debtor and
Debtor-in-Possession; and           :
ALLEN D. WILEN, in his                     DEPOSITION OF:
capacity as Liquidating              :
Trustee and Estate                         CAROLINE EVANS
Representative for the Estate        :
of Debtor, Bayonne Medical                 VOLUME II
Center,                              :     (Pages 230-412)

              Plaintiff,            :

              -vs-                   :

BAYONNE/OMNI DEVELOPMENT,            :
L.L.C., a New Jersey limited
liability company; et al.,          :

              Defendants.            :
----------------------------------

B E F O R E:

        SHARON B. STOPPIELLO, a Certified Court

Reporter and Notary Public of the State of New

Jersey, at the offices of CONNELL FOLEY, L.L.P., 85

Livingston Avenue, Roseland, New Jersey, on TUESDAY,

JUNE 1, 2010, commencing at 9:27 a.m., pursuant to

Notice.

                    DepoLink
    Court Reporting & Litigation Support Services
        Phone (973) 353-9880    Fax (973) 353-9445
                www.depolinklegal.com

Page 300

1    stuff." Do you recall what that was referring to?

2         A.    I don't.

3         Q.    Do you remember having a conversation

4    with Mr. Eisenreich about rehabilitation --

5         A.    I don't remember.

6         Q.    -- services?

7         A.    I don't, actually.

8         Q.    Now, you referenced or you referred

9    to a letter as a "comfort letter" earlier in your

10   testimony. Can you just describe for me generally

11   what you meant by "comfort letter"?

12        A.    I don't know, actually. It was just

13   a phrase that was given to it at the time. A letter

14   saying we won't go after you for the pledge amount,

15   was the gist of it. I don't think I coined it, I

16   think that's what it was called.

17        Q.    Do you recall who gave you that term?

18        A.    I don't.

19        Q.    You had testified earlier that Avery

20   was looking for a "comfort letter" in connection

21   with the pledge. Is that your understanding?

22        A.    Uh-huh.

23        Q.    Did you have any responsibility for

24   preparing the comfort letter?

25        A.    I did not.