# EXHIBIT
# #29



EXHIBIT

CARRIE EVANS-1

5-6-10

# EISENREICH
## BAYONNE MEDICAL CENTER

## DEPOSITION
## CARRIE EVANS

## MAY 6, 2010

## EXHIBITS 1 THRU 19

## ONE OF TWO

Fred R. Gruen, Esq.
GRUEN & GOLDSTEIN
1150 W. Chestnut Street
Union, New Jersey  07083
(908) 687-2030

# Exhibit
# Carrie Evans

# #23

| | |
|---|---|
| From: | Evans, Carrie [CFleishell@bayonnemedicalcenter.org] |
| Sent: | Wednesday, March 08, 2006 4:37 PM |
| To: | Avery Eisenreich |
| Subject: | Non binding pledge confimation |

Hello my dear,

My auditors are looking for the signed pledge to close my audit ...
Has it been returned ?

Call — I hope you are well.

Carrie


*************************************************************************
This email and any files transmitted with it are confidential and intended solely for the
use of the individual or entity to whom they are addressed. If you have received this
email in error please notify the system manager.
This footnote also confirms that this email message has been swept by MIMEsweeper for the
presence of computer viruses.
www.clearswift.com
*************************************************************************

# Exhibit
# Carrie Evans

# #24

From:           Evans, Carrie [CFleishell@bayonnemedicalcenter.org]
Sent:           Thursday, March 09, 2006 10:34 AM
To:             Avery Eisenreich
Subject:        RE: Non binding pledge confimation


Thanks Avery


-----Original Message-----
From: Avery Eisenreich [mailto:averye@omnihsnj.com]
Sent: Wednesday, March 08, 2006 10:13 PM
To: Evans, Carrie
Subject: Re: Non binding pledge confimation

I will have my c.f.o. look into it

-----Original Message-----
From: Evans, Carrie <CFleishell@bayonnemedicalcenter.org>
To: Avery Eisenreich <averye@omnihsnj.com>
Sent: Wed Mar 08 16:37:28 2006
Subject: Non binding pledge confimation

Hello my dear,

My auditors are looking for the signed pledge to close my audit ...
Has it been returned ?

Call - I hope you are well.

 arrie


*************************************************************
This email and any files transmitted with it are confidential and intended solely for the
use of the individual or entity to whom they are addressed. If you have received this
email in error please notify the system manager.
This footnote also confirms that this email message has been swept by MIMEsweeper for the
presence of computer viruses.
www.clearswift.com
*************************************************************

1

# Exhibit
# Carrie Evans

## #25

From:               Evans, Carrie [CFleishell@bayonnemedicalcenter.org]
Sent:               Wednesday, March 15, 2006 12:37 PM
To:                 Avery Eisenreich

Avery

I received a call from Withum Smith and Brown - we are held up because they have not
received the non binding pledge confirmation. This is causing me some problems.

Please call me if you can.

Thanks
Carrie


**********************************************************************
This email and any files transmitted with it are confidential and intended solely for the
use of the individual or entity to whom they are addressed. If you have received this
email in error please notify the system manager.
This footnote also confirms that this email message has been swept by MIMEsweeper for the
presence of computer viruses.
www.clearswift.com
**********************************************************************

1

# EXHIBIT
# #30

EISENREICH
BAYONNE MEDICAL CENTER

DEPOSITION
CARRIE EVANS

MAY 6, 2010

EXHIBITS 20 THRU 39

TWO OF TWO

Fred R. Gruen, Esq.
GRUEN & GOLDSTEIN
1150 W. Chestnut Street
Union, New Jersey  07083
(908) 687-2030



EXHIBIT
CARRIE EVANS-2
6-1-10

# Exhibit
# Carrie Evans

# #25

From:            Evans, Carrie [CFleishell@bayonnemedicalcenter.org]
Sent:            Wednesday, March 15, 2006 12:37 PM
To:              Avery Eisenreich

Avery

I received a call from Withum Smith and Brown - we are held up because they have not received the non binding pledge confirmation. This is causing me some problems.

Please call me if you can.

Thanks
Carrie


*******************************************************************
This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager.
This footnote also confirms that this email message has been swept by MIMEsweeper for the presence of computer viruses.
www.clearswift.com
*******************************************************************

# EXHIBIT
# #31

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
CASE NO. 07-15195(MS)
CHAPTER 11

In re BAYONNE MEDICAL CENTER,        :

            Debtor,                  :


BAYONNE MEDICAL CENTER,              :
Debtor and
Debtor-in-Possesssion; and           :
ALLEN D. WILEN, in his                        DEPOSITION OF:
capacity as Liquidating              :
Trustee and Estate                            CAROLINE EVANS
Representative for the Estate        :
of Debtor, Bayonne Medical                    VOLUME I
Center,                              :        (Pages 1-229)

            Plaintiff,               :


         -vs-                        :


BAYONNE/OMNI DEVELOPMENT,            :
L.L.C., a New Jersey limited
liability company; et al.,           :

            Defendants.     :
------------------------------------

B E F O R E:

        SHARON B. STOPPIELLO, a Certified Court

Reporter and Notary Public of the State of New

Jersey, at the offices of CONNELL FOLEY, L.L.P., 85

Livingston Avenue, Roseland, New Jersey, on

THURSDAY, MAY 6, 2010, commencing at 10:09 a.m.,

pursuant to Notice.

                    DepoLink
        Court Reporting & Litigation Support Services
            Phone (973) 353-9880    Fax (973) 353-9445
                    www.depolinklegal.com

Page 53

1             MR. SAMSON:  You can answer.

2        A.      It was communicated to me through

3   Marvin and also Rob.  I had conversations with Rob,

4   he said, "We're going to sell it to Avery."

5        Q.      "Marvin" being Marvin Apsel?

6        A.      Yes.

7        Q.      "Rob" being Rob Evans?

8        A.      Yes.

9        Q.      Rob Evans is your husband?

10       A.      Now he is, yes.

11       Q.      And were they the exclusive source of

12   your knowledge as of June 12 that BMC had decided to

13   sell to Avery for $2,000,000?

14             MR. FALANGA:  Object to the form.

15       A.      No.  Paul Mohrle, the FO at the time,

16   knew.

17       Q.      What did he tell you?

18       A.      That that was what we were going to

19   sell the Bell building for.

20       Q.      Anybody else?

21       A.      I don't think so.  No, I can't

22   remember anybody else.

23       Q.      The next entry is "40,000 square feet

24   to us to lease."

25       A.      Uh-huh.

Page 54

1          Q.      Can you tell me what that means?

2          A.      That was the amount of space that was

3     being discussed, what we were going to lease back.

4          Q.      By "we," you mean BMC?

5          A.      Correct, and what we were going to

6     move into the entity that would be the nursing home

7     building.

8          Q.      That was to be part of the deal?

9          A.      Yes.

10         Q.      And "$35 lease per square foot," what

11    did that mean?

12         A.      We discussed it, but I didn't agree

13    with it, Mr. Gruen.

14         Q.      First tell me about the discussion

15    part and then you can tell me about the decision

16    part.

17         A.      That's where Avery said we should

18    lease it.  That was where he came up to, he said,

19    that was his price.

20         Q.      Had that been agreed upon by BMC, so

21    far as you knew it, as of June 12th or was that just

22    in the discussion stages?

23                 MR. FALANGA:  Object to the form.

24         A.      That was in the discussion.

25         Q.      You can answer the question.

# EXHIBIT
# #32
# [NO DOCUMENT]

# EXHIBIT
# #33



EISENREICH
BAYONNE MEDICAL CENTER

DEPOSITION
CARRIE EVANS

MAY 6, 2010

EXHIBITS 1 THRU 19

ONE OF TWO

Fred R. Gruen, Esq.
GRUEN & GOLDSTEIN
1150 W. Chestnut Street
Union, New Jersey  07083
(908) 687-2030

# Exhibit
# Carrie Evans

# #6

Connie Tauber

| | |
|---|---|
| From: | Evans, Carrie [CEvans@bayonnemedicalcenter.org] |
| Sent: | Monday, June 12, 2006 10:17 AM |
| To: | Avery Eisenreich |
| Subject: | Follow Up |

A brief summary of what we discussed:

Limited Land Use
2.0 Million sale price
40,000 square feet to us - to lease
$35.00 lease per square foot

We build out the space- from the frame work We close TCU
9 Latchkey beds back to you?


*****************************************************************
This email and any files transmitted with it are confidential and intended solely for the use
of the individual or entity to whom they are addressed. If you have received this email in
error please notify the system manager.
This footnote also confirms that this email message has been swept by MIMEsweeper for the
  esence of computer viruses.
..ww.clearswift.com
*****************************************************************

BMC v Omni
0048

# EXHIBIT
# #34

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
CASE NO. 07-15195(MS)
CHAPTER 11

In re BAYONNE MEDICAL CENTER,          :

              Debtor,                  :                **ORIGINAL**

BAYONNE MEDICAL CENTER,                :
Debtor and
Debtor-in-Possession; and             :
ALLEN D. WILEN, in his                    DEPOSITION OF:
capacity as Liquidating               :
Trustee and Estate                        ROBERT H. EVANS
Representative for the Estate         :
of Debtor, Bayonne Medical                   VOLUME I
Center,                               :    (Pages 1-236)

              Plaintiff,              :

         -vs-                         :

BAYONNE/OMNI DEVELOPMENT,             :
L.L.C., a New Jersey limited
liability company; et al.,            :

              Defendants.             :
------------------------------------

B E F O R E:

     SHARON B. STOPPIELLO, a Certified Court

Reporter and Notary Public of the State of New

Jersey, at the offices of GREENBAUM, ROWE, SMITH &

DAVIS, L.L.P., 75 Livingston Avenue, Roseland, New

Jersey, on MONDAY, JUNE 21, 2010, commencing at 9:19

a.m., pursuant to Notice.

DepoLink
Court Reporting & Litigation Support Services
Phone (973) 353-9880      Fax (973) 353-9445
www.depolinklegal.com

1   benefit to the skilled nursing facility, Omni,

2   Incorporated, in this, and why shouldn't we, Bayonne

3   Medical Center, also benefit as time went on.

4        Q.     And did you anticipate at that time

5   that there would be a long-term relationship with

6   Omni?

7        A.     We did.  We did.  Specifically

8   someone mentioned, I'm not sure who it was, but

9   someone mentioned that one of the concerns that we

10  had about the entire transaction, if we had a

11  concern, was in paying our lease fees over the first

12  couple of years of the go life of the deal.

13       Q.     "Lease fees" meaning the leaseback?

14            MR. FALANGA:  Object to the form.

15       A.     Leaseback.

16       Q.     Go ahead.

17       A.     This would be a way perhaps to defray

18  some of those costs.  And someone else had said, you

19  know, it's not uncommon for landlords to give

20  lessees three, five, seven, ten years free rent or

21  reduced rent, why couldn't we do that.  That was the

22  thinking.  Whether it was right or wrong, who knows.

23       Q.     At some point did someone approach

24  Omni or Avery to make a pledge?

25       A.     Yes.  And the person was Marv Apsel,

# EXHIBIT
# #35

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
CASE NO. 07-15195(MS)
CHAPTER 11

In re BAYONNE MEDICAL CENTER,        :

            Debtor,                  :                **ORIGINAL**

BAYONNE MEDICAL CENTER,              :
Debtor and
Debtor-in-Possession; and           :
ALLEN D. WILEN, in his                   DEPOSITION OF:
capacity as Liquidating             :
Trustee and Estate                       ROBERT H. EVANS
Representative for the Estate       :
of Debtor, Bayonne Medical                VOLUME I
Center,                             :     (Pages 1-236)

            Plaintiff,              :

            -vs-                    :

BAYONNE/OMNI DEVELOPMENT,           :
L.L.C., a New Jersey limited
liability company; et al.,          :

            Defendants.             :
------------------------------------

B E F O R E:

      SHARON B. STOPPIELLO, a Certified Court

Reporter and Notary Public of the State of New

Jersey, at the offices of GREENBAUM, ROWE, SMITH &

DAVIS, L.L.P., 75 Livingston Avenue, Roseland, New

Jersey, on MONDAY, JUNE 21, 2010, commencing at 9:19

a.m., pursuant to Notice.

DepoLink
Court Reporting & Litigation Support Services
Phone (973) 353-9880    Fax (973) 353-9445
www.depolinklegal.com

1          Q.       Did you have any conversation with

2    Omni at any time up to that same date, August 23,

3    2006, with respect to the leaseback of space by BMC

4    in the building to be built by Omni?

5                   MR. FALANGA:  Object to the form.

6          A.       I personally don't recall having any

7    conversations with Omni.

8          Q.       Did anyone report to you or

9    communicate with you during that period, which is to

10   say at any time before August 23, '06, with respect

11   to conversations that they had had with Omni

12   relating to a limitation of the use of the land that

13   Omni was to purchase from BMC?

14                  MR. FALANGA:  Object to the form of

15   the question.

16         A.       I don't recall anything about limited

17   land use.

18         Q.       The same question about the

19   40,000 square feet to us, did anyone report to you

20   or talk to you before August 23, '06 about

21   40,000 square feet being leased back by BMC from

22   Omni in the building to be built?

23                  MR. FALANGA:  Object to the form.

24         A.       This was discussed regularly.  From

25   the beginning conversation about building the

1    skilled nursing facility, there was space

2    contemplated on approximately two floors, which came

3    to be 40,000 square feet based on the design.  There

4    was discussion of what the market rents would be,

5    which we were pretty certain of, because there

6    wasn't a lot of space in Bayonne, so the range was

7    somewhat limited.  So the $35 a square foot was

8    discussed.

9         Q.    And "We build out the space from the

10   framework.  We close TCU."  Did anyone talk to you

11   before August 23, '06, about BMC building out the

12   space from the framework in connection with the sale

13   to Omni and/or the leaseback of space by BMC?

14             MR. FALANGA:  Object to the form.

15        A.    Yes.  The understanding was that the

16   space would come rough, and that the medical center

17   would build it out for its own use.  That's how I

18   interpret that.

19        Q.    Open, again, to Tab 2.  I just want

20   you to look again at Pages 4 and 5 under the heading

21   "Skilled Nursing Facility."

22             MR. FALANGA:  You're talking about

23   the board minutes of June 8th?

24             MR. GRUEN:  Yes.

25        Q.    Have you had a chance to do that?

# EXHIBIT
# #36

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
CASE NO. 07-15195(MS)
CHAPTER 11

In re BAYONNE MEDICAL CENTER,              :

              Debtor,              :

BAYONNE MEDICAL CENTER,              :
Debtor and
Debtor-in-Possession; and              :
ALLEN D. WILEN, in his
capacity as Liquidating              :
Trustee and Estate
Representative for the Estate              :
of Debtor, Bayonne Medical
Center,              :

              Plaintiff,              :

              -vs-              :

BAYONNE/OMNI DEVELOPMENT,              :
L.L.C., a New Jersey limited
liability company; et al.,              :

              Defendants.              :
-----------------------------------

**ORIGINAL**

DEPOSITION OF:

ROBERT H. EVANS

VOLUME I
(Pages 1-236)

B E F O R E:

        SHARON B. STOPPIELLO, a Certified Court

Reporter and Notary Public of the State of New

Jersey, at the offices of GREENBAUM, ROWE, SMITH &

DAVIS, L.L.P., 75 Livingston Avenue, Roseland, New

Jersey, on MONDAY, JUNE 21, 2010, commencing at 9:19

a.m., pursuant to Notice.

DepoLink
Court Reporting & Litigation Support Services
Phone (973) 353-9880     Fax (973) 353-9445
www.depolinklegal.com

1    benefit to the skilled nursing facility, Omni,

2    Incorporated, in this, and why shouldn't we, Bayonne

3    Medical Center, also benefit as time went on.

4         Q.    And did you anticipate at that time

5    that there would be a long-term relationship with

6    Omni?

7         A.    We did.  We did.  Specifically

8    someone mentioned, I'm not sure who it was, but

9    someone mentioned that one of the concerns that we

10   had about the entire transaction, if we had a

11   concern, was in paying our lease fees over the first

12   couple of years of the go life of the deal.

13        Q.    "Lease fees" meaning the leaseback?

14              MR. FALANGA:  Object to the form.

15        A.    Leaseback.

16        Q.    Go ahead.

17        A.    This would be a way perhaps to defray

18   some of those costs.  And someone else had said, you

19   know, it's not uncommon for landlords to give

20   lessees three, five, seven, ten years free rent or

21   reduced rent, why couldn't we do that.  That was the

22   thinking.  Whether it was right or wrong, who knows.

23        Q.    At some point did someone approach

24   Omni or Avery to make a pledge?

25        A.    Yes.  And the person was Marv Apsel,

# EXHIBIT
# #37

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
CASE NO. 07-15195(MS)
CHAPTER 11

In re BAYONNE MEDICAL CENTER,  :

                Debtor,  :

BAYONNE MEDICAL CENTER,  :
Debtor and
Debtor-in-Possession; and  :
ALLEN D. WILEN, in his
capacity as Liquidating  :
Trustee and Estate
Representative for the Estate  :
of Debtor, Bayonne Medical
Center,  :

           Plaintiff,  :

       -vs-  :

BAYONNE/OMNI DEVELOPMENT,  :
L.L.C., a New Jersey limited
liability company; et al.,  :

         Defendants.  :

----------------------------------

**ORIGINAL**

DEPOSITION OF:

ROBERT H. EVANS

VOLUME I
(Pages 1-236)

B E F O R E:

    SHARON B. STOPPIELLO, a Certified Court
Reporter and Notary Public of the State of New
Jersey, at the offices of GREENBAUM, ROWE, SMITH &
DAVIS, L.L.P., 75 Livingston Avenue, Roseland, New
Jersey, on MONDAY, JUNE 21, 2010, commencing at 9:19
a.m., pursuant to Notice.

DepoLink
Court Reporting & Litigation Support Services
Phone (973) 353-9880     Fax (973) 353-9445
www.depolinklegal.com

1    skilled nursing facility, there was space

2    contemplated on approximately two floors, which came

3    to be 40,000 square feet based on the design.  There

4    was discussion of what the market rents would be,

5    which we were pretty certain of, because there

6    wasn't a lot of space in Bayonne, so the range was

7    somewhat limited.  So the $35 a square foot was

8    discussed.

9         Q.    And "We build out the space from the

10    framework.  We close TCU."  Did anyone talk to you

11    before August 23, '06, about BMC building out the

12    space from the framework in connection with the sale

13    to Omni and/or the leaseback of space by BMC?

14              MR. FALANGA:  Object to the form.

15         A.    Yes.  The understanding was that the

16    space would come rough, and that the medical center

17    would build it out for its own use.  That's how I

18    interpret that.

19         Q.    Open, again, to Tab 2.  I just want

20    you to look again at Pages 4 and 5 under the heading

21    "Skilled Nursing Facility."

22              MR. FALANGA:  You're talking about

23    the board minutes of June 8th?

24              MR. GRUEN:  Yes.

25         Q.    Have you had a chance to do that?

# EXHIBIT
# #38

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
CASE NO. 07-15195(MS)
CHAPTER 11

In re BAYONNE MEDICAL CENTER,                   :

                    Debtor,                     :                **ORIGINAL**

BAYONNE MEDICAL CENTER,                          :
Debtor and
Debtor-in-Possession; and                        :
ALLEN D. WILEN, in his                               DEPOSITION OF:
capacity as Liquidating                          :
Trustee and Estate                               ROBERT H. EVANS
Representative for the Estate                    :
of Debtor, Bayonne Medical                          VOLUME I
Center,                                          :  (Pages 1-236)

                    Plaintiff,                   :

               -vs-                              :

BAYONNE/OMNI DEVELOPMENT,                        :
L.L.C., a New Jersey limited
liability company; et al.,                       :

                    Defendants.                  :
-----------------------------------

B E F O R E:

        SHARON B. STOPPIELLO, a Certified Court

Reporter and Notary Public of the State of New

Jersey, at the offices of GREENBAUM, ROWE, SMITH &

DAVIS, L.L.P., 75 Livingston Avenue, Roseland, New

Jersey, on MONDAY, JUNE 21, 2010, commencing at 9:19

a.m., pursuant to Notice.


                        DepoLink
        Court Reporting & Litigation Support Services
            Phone (973) 353-9880    Fax (973) 353-9445
                    www.depolinklegal.com

1   everything in this case.

2              MR. GRUEN:  Right, I believe these

3   volumes have been produced to everybody else in just

4   this form.

5              MS. KIERKUT:  In this form?

6              MR. GRUEN:  I hope so, that's what I

7   asked to be done.  If not, you're going to tell me,

8   I'm sure.

9       Q.    Without guessing, but estimating is

10  okay, can you?

11      A.    I believe this looks like Heather

12  Aaron's handwriting.

13      Q.    Was it determined at some point

14  before October 14, 2005 that $5,000,000 was the

15  amount that needed to be sought as a pledge from the

16  Omni entity?

17             MR. FALANGA:  Object to the form.

18      A.    Was it determined?

19      Q.    Before October 14, 2005 that

20  5,000,000 was going to be the number?

21      A.    Yes.

22      Q.    How was that determined?

23      A.    How was that determined?  I don't

24  recall the exact deliberations.  But there were

25  conversations around the fact that we, Bayonne

DEPOLINK COURT REPORTING & LITIGATION SERVICES (973) 353-9880

1    Medical Center, would be -- one of the conversations

2    was about we, Bayonne Medical Center, would be

3    incurring costs to leaseback this space in the

4    medical office building section of the nursing home.

5    The pledge would be a way to offset some of those

6    costs.

7        Q.    Was it determined that $5,000,000 was

8    the amount that you would need to offset those

9    costs?

10           MR. FALANGA:  Object to the form.

11       A.    Again, I don't recall the exact

12   calculation or deliberations because I was not in

13   them, but at a high level, yes, there was some type

14   of understanding in terms of there would be

15   additional costs to the medical center for renting

16   the space back, and certainly the pledge would be

17   able to offset some of those.  I never calculated

18   out what the exact amount was.

19       Q.    At some point before October 14, 2005

20   did the group that was working on fashioning the

21   pledge determine that the pledge would be paid over

22   five years?

23           MS. KIERKUT:  Objection to the form.

24       A.    I never recall any conversation about

25   either the length of time that the pledge would be